1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Ronald M. Arlas, Esq., SBN 59091
3  Nicole M. Hoffman, Esq., SBN 273450
   4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660 *(Elliott, Naomi/Pleadings/MTD)*
5  Telephone: (949) 477-5050; Facsimile: (949) 608-9142

6  WRIGHT, FINLAY & ZAK, LLP
   T. Robert Finlay, Esq., SBN 167280
7  Ronald M. Arlas, Esq., SBN 59091
   907 Sir Francis Drake Blvd.
8  Kentfield, CA  94904
9  Tel: (949) 477-5050; Fax: (949) 608-9142
   rarlas@wrightlegal.net
10
11 Attorneys for Defendants, POWER DEFAULT SERVICES, INC.; MORTGAGE
   ELECTRONIC REGISTRATION SYSTEMS, INC.; AND U.S. BANK, NATIONAL
12 ASSOCIATION, AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST
   2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1*(erroneously sued*
13 *as "U.S. Bank National Association")*
14
15               UNITED STATES DISTRICT COURT
16        FOR THE NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE
17 NAOMI ELLIOTT AND L.T. KENNEDY JR., )  Case No.:  5:12-cv1204370 HRL
                                       )
18               Plaintiffs,           )  *Judge Howard R. Lloyd*
                                       )
19        vs.                          )  **NOTICE OF MOTION AND MOTION
                                       )  TO DISMISS PLAINTIFF'S
20 MORTGAGE ELECTRONIC                 )  COMPLAINT FOR FAILURE TO
   REGISTRATION SYSTEMS, INC.; POWER   )  STATE A CLAIM FOR RELIEF**
21 DEFAULT SERVICES, INC.; AND U.S.    )
   BANK NATIONAL ASSOCIATION,          )  **[FRCP Rule 12(b)(6)]**
22                                     )
                                       )  *[Filed Concurrently with Request for*
23               Defendants.           )  *Judicial Notice in Support Thereof]*
                                       )
24                                     )  Date:    October 2, 2012
                                       )  Time:    10:00 a.m.
25                                     )  Dept.:   2-5th Floor
                                       )
26                                     )
27
28

-i-

NOTICE OF MOTION AND MOTION TO DISMISS

1  TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR

2  ATTORNEY OF RECORD:

3       PLEASE TAKE NOTICE that this matter is scheduled before the Court on October 2,

4  2012 at 10:00 a.m. in Courtroom 2-5th Floor located at 280 S. First St., #2112, San Jose, CA

5  95113-3008, Defendants POWER DEFAULT SERVICES, INC. ("PDSI"); MORTGAGE

6  ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); AND U.S. BANK, NATIONAL

7  ASSOCIATION, AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST

8  2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 (the "Trust")

9  (*erroneously sued as "U.S. Bank National Association"*) (collectively referred to as

10  "Defendants"), by and through their attorneys of record will move this Court for an Order

11  dismissing  them from the Complaint of Plaintiffs NAOMI ELLIOTT and L.T. KENNEDY JR.

12  ("Plaintiffs"), pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6) for failure

13  to state a claim upon which relief can be granted. Such motion will be brought on the grounds

14  that, after reviewing the non-conclusive allegations of the Complaint, Plaintiffs have failed to

15  plead the essential facts which give rise to their claims and/or the claims are barred on their face

16  and/or as a result of matter which may properly be judicially noticed by the Court. Defendants

17  further request that this Motion be granted without leave to amend.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1       This Motion is based upon this Notice, the supporting memorandum of points and

2 authorities set forth below, the Request for Judicial Notice filed concurrently herewith, the

3 complete files and records in this action, the oral argument of counsel and such other and further

4 evidence as the Court might deem proper.

5                             Respectfully submitted,

6                             WRIGHT, FINLAY & ZAK, LLP

7

8 Dated:  August 27, 2012         By:     */s/ Nicole M. Hoffman, Esq.*

9                                 T. Robert Finlay, Esq.

                                Ronald M. Arlas, Esq.

10                              Nicole M. Hoffman, Esq.

                             Attorneys for Defendants, POWER DEFAULT

11                            SERVICES, INC.; MORTGAGE ELECTRONIC

12                          REGISTRATION SYSTEMS, INC.; AND U.S.

                         BANK, NATIONAL ASSOCIATION, AS

13                        TRUSTEE FOR MASTR ADJUSTABLE RATE

14                        MORTGAGES TRUST 2007-1, MORTGAGE

                       PASS-THROUGH CERTIFICATES, SERIES

15                        2007-1

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, Naomi Elliott ("Elliott") and co-Plaintiff L.T. Kennedy Jr. ("Kennedy"), an individual arbitrarily named in his capacity as power of attorney, (collectively "Plaintiffs") filed this Complaint in bad faith seemingly to extort a cash settlement from Defendants. The truth is, Plaintiffs' Complaint consists of a series of defunct arguments that fail to state a valid cause of action. Specifically, the Complaint alleges claims for Slander of Title and Wrongful Foreclosure based on the arguments that Mortgage Electronic Registration Systems Inc. ("MERS") does not have authority to assign the Deed of Trust, and on an alleged violation of Civil Code Section 2932.5. However, both arguments have been routinely rejected in California. Despite the fact that the Property has already sold to a bona fide third-party purchaser, Plaintiff also seeks injunctive relief, but not against the current owner of the property. As the relief sought is not available against these named defendants, and because Plaintiffs' fail to state a claim upon which relief can be granted, Defendants request that this Motion to Dismiss be granted without leave to amend.

### II. STATEMENT OF FACTS

Plaintiff Elliott first obtained an interest in the property located at 2648 Lombard Avenue, San Jose CA 95116 (the "Property") via an Interspousal Transfer Deed purportedly from co-Plaintiff Kennedy as, "Spouse of the Grantee … to Naomi Elliott, an unmarried woman and Christine Kennedy, a married woman as her sole and separate property."[1] Thereafter, Christine Kennedy via a Grant Deed transferred her interest in the Property to Elliott.[2]

On October 20, 2006, Elliott refinanced the Property with a Note in the principal amount of $500,000.00 funded by American Brokers Conduit ("ABC").  The Note was secured by the Deed of Trust recorded against the Property on October 26, 2006. (The Note and Deed of Trust are collectively referred to as the "Loan").[3] However, on November 17, 2009, after Elliott

---

[1] See Interspousal Transfer Deed attached as Exhibit "A" to the concurrently filed Request for Judicial Notice ("RJN"), incorporated herein by reference.
[2] See Grant Deed attached as Exhibit "B" to the RJN.
[3] See Deed of Trust, attached as Exhibit "C" to the RJN.

NOTICE OF MOTION AND MOTION TO DISMISS

1  defaulted on the Loan, a Notice of Default ("NOD") was recorded.[4] Then, on December 3, 2009
2  Power Default Services, Inc. ("PDSI") became the substituted Trustee,[5] and on May 21, 2010 an
3  Assignment of Deed of Trust was recorded evidencing U.S. Bank National Association, as
4  Trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through
5  Certificates, Series 2007-1 (the "Trust") as the assigned Beneficiary.[6] On July 28, 2010, due to
6  Elliott's failure to cure her default, a Notice of Trustee's Sale was recorded.[7]

7        On July 5, 2011, in what was seemingly a duplicative effort, another Assignment of
8  Deed of Trust was recorded again evidencing the Trust as the beneficiary,[8] as well as another
9  Substitution of Trustee again evidencing PDSI as the substituted Trustee.[9] Additionally, on July
10  5, 2011 a second Notice of Trustee Sale ("NOTS") was recorded.[10] The Property reverted back
11  to the Trust at a foreclosure sale on July 27, 2011 as evidenced by the Trustee's Deed Upon Sale
12  recorded on August 2, 2011.[11] Subsequently, on or around February 8, 2012, the Trust sold the
13  Property to a third party, as evidenced by the Grant Deed recorded on February 23, 2012.[12]

14        Plaintiffs filed the instant Complaint on April 10, 2012 which was more than enough
15  time to name the current owner of the property as additional defendants.  Plaintiffs' failure to
16  name the current owners of the property is fatal to their complaint and also subjects to them to
17  the wrongful recordation of the lis pendens against the subject property.   Defendants herein
18  now submit their Motion to Dismiss for failure to state a claim upon which relief may be
19  granted.
20  ///
21  ///
22  ///
23  ///
24
25
26
27
28

[4] See NOD attached as Exhibit "D" to the RJN.
[5] See Substitution of Trustee, attached as Exhibit "E" to the RJN.
[6] See Assignment of Deed of Trust, attached as Exhibit "F" to the RJN.
[7] See July 28, 2010 Notice of Trustee's Sale attached as Exhibit "G" to the RJN.
[8] See Assignment of Deed of Trust, attached as Exhibit "H" to the RJN.
[9] See Substitution of Trustee, attached as Exhibit "I" to the RJN.
[10] See NOTS attached as Exhibit "J" to the RJN.
[11] See Trustee's Deed Upon Sale, attached as Exhibit "K" to the RJN.

NOTICE OF MOTION AND MOTION TO DISMISS

## II.   ARGUMENT

**A.**   **The Entire Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Based.**

It is well-established that a complaint may be dismissed pursuant to FRCP Rule 12(b)(6) if it appears beyond doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief.[13] Specifically, even though a "short and plain statement" of the claim must be alleged,[14] a complaint may be dismissed as a matter of law under FRCP Rule 12(b)(6) for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.[15] In terms of the latter, dismissal is proper if the complaint lacks an allegation regarding an element necessary to obtain relief or when a successful affirmative defense or other bar to relief appears on the face of the complaint.[16]

Further, when ruling on a motion to dismiss, all well-pled facts in the complaint are deemed true,[17] however conclusory allegations are disregarded.[18] Thus, the liberality with which courts view pleadings cannot salvage a conclusive claim that is unsubstantiated by transparent factual allegations.[19] Applying the standards above, the present Complaint cannot survive Defendants' Motion to Dismiss.

**B.**   **Plaintiffs Complaint Fails for Lack of Tender.**

Traditionally, California courts have held that a party seeking to challenge a foreclosure sale appears in equity and is thus required to *do equity* before a court will exercise its equitable powers.[20] As a consequence of this rule: "A valid and viable tender of payment of the

---

[12] See Third Party Grant Deed, attached as Exhibit "L" to the RJN.
[13] *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).
[14] FRCP Rule 8(a)(2).
[15] *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); see generally *Balistreri v. Pacifica Police Department,* 855 F.2d 1421, 1424 (9th Cir. 1988); *Stinson v. Home Insurance Co.,* 690 F. Supp. 882, 886 (N.D. Cal. 1988); *Dack v. Shanman,* 227 F. Supp. 26, 30 (S.D.N.Y. 1964) (dismissing complaint where count was so sketchy as to be unintelligible).
[16] *Moore's Federal Practice* Vol. 2, ¶ 12.34 [4][a], [b] (3d ed., Matthew Bender 2006).
[17] *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir. 1986).
[18] *McCarthy v. Mayo,* 827 F.2d 1310, 1316 (9th Cir. 1987).
[19] *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).
[20] 4 Miller & Starr, Cal. Real Estate (3rd ed. 2000) § 10:212, p. 685-686; see also *Arnolds Management Corp. v. Fisher,* 158 Cal.App.3d 575, 577 (1984) and *Karlsen v. American Sav. & Loan Assn.,* 15 Cal.App.3d 112, 117 (1971).

NOTICE OF MOTION AND MOTION TO DISMISS

indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."[21]

Thus, Plaintiffs are required by law to allege tender of the amount of the secured debt to maintain

*any cause of action* for irregularity in the foreclosure sale procedure.[22]

The Court of Appeals of California has explained:

> This rule...is based upon the equitable maxim that a court of equity will not order a useless act performed....if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.[23]

In other words,

> "[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposefully speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention."[24]

Due to the foregoing, plaintiffs must, as a condition precedent to a cause of action seeking to set aside or cancel a foreclosure sale, tender or offer to tender a sum sufficient to cure the default.[25]  Further, a valid tender must be an *unconditional* offer of performance,[26] made in *good faith* and in such a manner as is most likely to *benefit the creditor,*[27] by a person *able* and *willing* to perform.[28]Absent valid tender, a complaint fails to state a cause of action.[29]The rationale is that if the borrower does not have the ability to tender, he would not have been able to cure his default, irrespective of any purported irregularities leading up to and including the foreclosure sale.[30]

---

[21]*Karlsen* at 117 (citations omitted)

[22]*Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996) (emphasis added); see also, *United States Cold Storage v. Great Western Savings & Loan Ass*oc., 165 Cal.App.3d 1214, 1222 (1985); Karlsen at 117.

[23]F.P.B.I. Rehab 01 v. E&G Investments, Ltd. (1989) 207 Cal.App.3d 1018, 1021.

[24]Karlsen, supra., at 118 (citations omitted) (emphasis in original).

[25]Karlsen, supra., at 117 (judgment on the pleadings granted); Arnolds Management Corp. v. Fisher, 158 Cal.App.3d 575, 578-579 (1984); see also discussion at Miller & Starr, Cal. Real Estate  (3d Ed. 2000) §10:212, p. 685 and authorities cited therein. (2d Ed. 1989) and authorities cited therein.

[26] Civ. Code § 1494.

[27] Id. at § 1493.

[28] Id. at § 1495.

[29] See Karlsen, supra., at 117.

[30] Courts are applying this rule uniformly in dealing with a variety of claims. See, for example Pantoja v. Countrywide Home Loans, (2009), E.D. 640 F.Supp.2d 1177, 1184 and FN 7; The tender rule is uniformly applied by California Courts. See also, Justo v. Indymac Bancorp, 2010 WL 623715, *11 (C.D.Cal. Feb 19, 2010) (NO. SACV09-1116JVS AGRX) **and** Curtis v. Option One Mortg. Corp.,2010 WL 599816, *9 (E.D.Cal. Feb 18,

NOTICE OF MOTION AND MOTION TO DISMISS

1       Courts have expanded this application of the tender requirement beyond equitable

2   causes of action to include <u>any</u> cause of action that is "***implicitly integrated***" within allegations

3   of wrongful foreclosure.[31] Thus, it is well established that any challenge to a foreclosure sale is

4   futile absent accompanying proof that the plaintiffs have tendered or offered to tender the entire

5   amount owing on the loan.

6       Here, Plaintiffs do not dispute that Elliott was in default.  Though Plaintiffs

7   acknowledged the tender requirement, they only offer the lame excuse that they don't have to

8   comply with it because of their claim that the foreclosure process was illegal.[32]  However, all

9   claims for wrongful foreclosure are based on allegations of illegal actions.  Plaintiffs cannot rely

10   on two cases that have been disregarded long ago as irrelevant to the law concerning the tender

11   requirement.   Furthermore, the tender requirement is even more important in a case such as this

12   where the property was sold to a bona fide third party prior to the inception of this lawsuit.

13   Because of these reasons, plaintiffs failure to allege a good faith ability to tender is fatal to this

14   entire complaint.

15   **C.**   **Plaintiff's Complaint Fails for Lack of an Indispensable Party.**

16       Federal Rule of Civil Procedure Rule 19 governs compulsory party joinder, and provides

17   in relevant part that, "[a] person who is subject to service of process and whose joinder will not

18   deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's

19   absence, the court cannot accord complete relief among existing parties,; or (B) that person

20   claims an interest relating to the subject of the action and is so situated that disposing of the

21   action in the person's absence may: (i) as a practical matter impair or impede the person's ability

22   to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring

23   double, multiple or otherwise inconsistent obligations because of the interest.[33]  As the court in

24   *E.E.O.C. v Peabody Western Coal Co.* found, a rule 19 motion poses three inquiries: (1) whether

26     2010); Newbeck v. Washington Mutual 2010 WL 291821, N.D.Cal. January 19, 2010) *7 [Plaintiff could not
27     challenge sale for failure to produce original note without first making a valid tender]; *Morgera v. Countrywide Home Loans, Inc.,* 2010 WL 160348 (E.D.Cal.,2010).
  [31] *Arnolds Management Corp. v. Fisher,*158 Cal.App.3d at 578-579.
28     [32] See Complaint, ¶35.
  [33] *See* FRCP 19, See also E.E.O.C. v. Peabody Western Coal Co. 610 F.3d 1070, 1077 (2010).

NOTICE OF MOTION AND MOTION TO DISMISS

a non-party should be joined under Rule 19(a); (2) whether it is feasible to order that the absentee be joined; and (3) if joinder is not feasible, whether the case can proceed without the absentee or whether it should be dismissed.

Here, the Property was sold to a bona fide third-party purchaser.[34] As the relief sought, including injunctive relief, and the recorded Lis Pendens necessarily effects the unnamed party, this Complaint must fail.

**D.     Plaintiffs' First Cause of Action for Slander of Title Fails.**

Plaintiffs' First Cause of Action alleges Slander of Title.[35] Specifically, Plaintiffs allege that the act of recording of the Assignments of Deeds of Trust and the Substitution of Trustee constitute a slander to title because MERS has no authority to execute such documents.[36] They further allege that the recording of the Notice of Trustee's Sales and Trustee's Deed Upon Sale was a slander to title because PDSI was not a properly substituted Trustee, and therefore did not have authority to execute the foreclosure documents. However, these arguments fail because the MERS argument alleged by plaintiffs has been routinely rejected in California, the chain of title reflects that PDSI is the properly substituted Trustee, and recording foreclosure documents is privileged.

First, the Deed of Trust named MERS and its successors and assigns as the beneficiary (as nominee for lender and lender's successor and assigns).[37] Therefore, by signing the Deed of Trust at issue, Plaintiff Elliott specifically acknowledged and agreed that MERS, as nominee beneficiary, held "legal title to the interests granted by the Borrower in this Security Instrument"[38] and that MERS had the "right to: exercise any or all of those interests including…

---

[34] See, Third Party Grant Deed, attached as Exhibit "L" to the RJN.

[35] See, Complaint, ¶¶ 16-26.
[36] *See*, Complaint, ¶¶ 17-21
[37] See Deed of Trust, RJN Exhibit "C," pg. 2, 3.
[38] See Deed of Trust, RJN Exhibit "C," pg. 3.

NOTICE OF MOTION AND MOTION TO DISMISS

the right to foreclose and sell the Property; and to take any action required by the Lender including… releasing and canceling this Security Instrument."[39]

Further, case law has clearly held that MERS is in fact a valid beneficiary, authorized to substitute in a successor trustee, execute an assignment of beneficial interest and exercise the power of sale.[40] Specifically, the Court in *Perry* held that, "Courts interpreting trust deeds appointing MERS as beneficiary and nominee, as this one does, have held that "MERS had the right to assign its beneficial interest to a third party"."[41] Accordingly, Plaintiffs' arguments that MERS cannot assign the Deed of Trust is simply inaccurate.

Likewise, Plaintiffs' argument that MERS cannot substitute a Trustee also fail. A Trustee under a Deed of Trust may be substituted by the beneficiary, or their successor in interest.[42] In this case, as evidenced by judicially noticeable documents, MERS as nominee beneficiary executed the substitution of Trustee on December 3, 2009.[43] Then, on May 21, 2010, MERS recorded the Assignment of Deed of Trust naming the Trust as the assigned beneficiary.[44] Therefore, MERS, as the nominee beneficiary appointed in the Deed of Trust had the authority to substitute the Trustee and assign the Deed of Trust. As such, Plaintiffs' Slander of Title claim based on the recording of said documents must fail.

Plaintiff also argues that the acts of recording the NOTS and the Trustee's Deed Upon Sale constituted a slander to title because PDSI was allegedly not the properly substituted Trustee authorized to record said documents.[45] However, as already discussed above, Plaintiffs allegation that PDSI is not the properly substituted Trustee fails because MERS, as the then present nominee beneficiary properly executed the Substitute of Trustee. Nonetheless, a second

---

[39] See Deed of Trust, RJN Exhibit "C," pg. 3.
[40] Wurtzberger v. Resmae Mortgage Corp. 2010 WL 1779972 at *5-*6 (E.D.Cal.2010); See also Parcray v. Shea Mortg. Inc., 2010 WL 1659369 at *9-*10  (E.D.Cal.2010).
[41] Perry v. National Default Servicing Corp. (N.D. Cal., Aug. 20, 2010, 10-CV-03167-LHK) 2010 WL 3325623 citing to Baisa v. Indymac Fed. Bank, No. CIV-09-1464 WBS JMF, 2009 U.S. Dist. LEXIS 103444 at *8-*11, 2009 WL 3756682 (E.D.Cal. November 6, 2009).
[42] *Civil Code* §2923a (a)(1)(A)
[43] See RJN, Exhibit
[44] See RJN, Exhibit
[45] See Complaint, ¶23-24.

NOTICE OF MOTION AND MOTION TO DISMISS

1    Substitution of Trustee, executed by the Trust, also substituting PDSI as the Trustee was

2    recorded on July 5, 2011, concurrently with the NOTS.[46] Accordingly, at the time the NOTS was

3    recorded, PDSI was undoubtedly the properly substituted Trustee.  Regardless, this argument

4    also fails because the recordation of the foreclosure documents is privileged under CCC § 47,

5    pursuant to CCC § 2924(d)(1), and therefore cannot support a cause of action for slander of title.

6    Specifically, "In performing acts required by [the article governing non-judicial foreclosures],

7    the trustee shall incur no liability for any good faith error resulting from reliance on information

8    provided in good faith by the beneficiary regarding the nature and the amount of the default

9    under the secured obligation, deed of trust, or mortgage."[47]

10          Accordingly, Plaintiffs' First Cause of Action for Slander of Title must fail and cannot be

11   amended.

12   **E.    Plaintiffs' Second Cause of Action for Wrongful Foreclosure Fails.**

13          To state a valid cause of action for Wrongful Foreclosure, Plaintiffs have the burden to

14   properly plead three elements, which they fail to do:

15          1)  That Defendants caused an illegal, fraudulent, or willfully oppressive sale of real

16              property pursuant to a power of sale in a mortgage or deed of trust;

17          2)  That Plaintiffs were prejudiced or harmed; [*emphasis added*] and

18          3)  Tender or excuse therefrom.[48]

19          Here, Plaintiffs fail to establish an illegal, fraudulent, or willfully oppressive sale because

20   this claim is based on the negated claims above,[49] as well as an alleged violation of *Civil Code*

21   §2932.5.[50] First, as already discussed in detail above, insofar as this claim is based on the above

22   negated arguments, it must fail.

23          Second, Plaintiffs' argument that *Civil Code* section 2932.5 requires the recordation of an

24   assignment of the beneficial interest in the loan prior to initiating a non-judicial foreclosure must

25

26   _____

27   [46] See Substitution of Trustee and NOTS, as exhibits "I" and "J" to the RJN.
     [47] Civil Code § 2924(b).
     [48] Permito v. Wells Fargo Bank, N.A. 2012 WL 1380322, 3 (N.D CA 2012), citing *Lona v. Citibank, N.A.*, 202

28   Cal.App.4th 89, 104 (Cal.Ct.App.2011).
     [49] See, Complaint, ¶¶32,34.
     [50] See, Complaint, ¶¶ 30, 31.

NOTICE OF MOTION AND MOTION TO DISMISS

1   also fail.[51] Under California law, there is no requirement to record an assignment in order for the

2   power of sale to be exercised by the transferee.[52] This was recently affirmed in *Haynes v. EMC*

3   *Mortg. Corp.*. Dealing solely with this issue, the Court held that California law is clear that *CC §*

4   2932.5 does not apply to Deeds of Trust.

5          Nonetheless, the assignment was recorded[53] and thus Plaintiff's argument is moot.

6   Therefore, Plaintiffs' Wrongful Foreclosure claim must fail because Plaintiffs cannot establish an

7   illegal, fraudulent, or willfully oppressive sale of real property. Further, Plaintiffs' cannot

8   establish that they were harmed or prejudiced by an act of Defendants, as opposed to Elliott's

9   own default under the Loan. Finally, as also discussed above, Plaintiffs failure to tender acts as a

10  complete bar to this claim, and it must fail.

11  **III.    CONCLUSION**

12         For the foregoing reasons Defendants respectfully request that this Court grant its

13  Motion to Dismiss the Complaint, without leave to amend.

14                                          Respectfully submitted,

15                                          WRIGHT, FINLAY & ZAK, LLP

16

17  Dated:  August 27 2012        By:      */s/ Nicole M. Hoffman, Esq.*
                                            T. Robert Finlay, Esq.
18                                          Ronald M. Arlas, Esq.
                                            Nicole M. Hoffman, Esq.
19                                          Attorneys for Defendants, POWER DEFAULT
                                            SERVICES, INC.; MORTGAGE ELECTRONIC
20                                          REGISTRATION SYSTEMS, INC.; AND U.S.
                                            BANK, NATIONAL ASSOCIATION, AS
21                                          TRUSTEE FOR MASTR ADJUSTABLE RATE
                                            MORTGAGES TRUST 2007-1, MORTGAGE
22                                          PASS-THROUGH CERTIFICATES, SERIES
                                            2007-1
23

24

25

26

27  _____

28  [51] Id.
    [52] *Calvo v. HSBC Bank USA, NA*, 2011 WL 4035791 (Sept. 13, 2011).
    [53] See RJN Exhibits "F" and "H."

NOTICE OF MOTION AND MOTION TO DISMISS

## PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On August 27, 2012, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF** on all interested parties in this action as follows:

[X]     by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:
        Michael Yesk, Esq.
        70 Doray Dr., Suite 16
        Pleasant Hill, CA  94523
        (510) 909-9700 yesklaw@gmail.com

[X]     (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]     (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]     (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 608-9142, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]     (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]     (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X]     (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X]     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 27, 2012, at Newport Beach, California.

_Marilee V. Johnson_
        Marilee V. Johnson

-1-