United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NAOMI ELLIOTT,** *ET AL.***,**<br><br>    Plaintiffs,<br><br>    vs.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** *ET. AL.***,**<br><br>    Defendants. | Case No.: 12-CV-4370 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANTS TO DISMISS WITHOUT LEAVE TO AMEND** |

Plaintiffs Naomi Elliott ("Elliott") and L.T. Kennedy Jr. (collectively, "Plaintiffs") bring this action against Defendants Power Default Services, Inc. ("PDS"), Mortgage Electronic Registration Systems Inc. ("MERS") and U.S. Bank, National Association, As Trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("U.S. Bank Trust") (collectively, "Defendants"). The Court previously granted Defendants' motion to dismiss on the grounds that Plaintiffs failed to allege facts sufficient to support those claims for slander of title and wrongful foreclosure. (Order Granting Defendants' Motion to Dismiss, Dkt. No. 22 ["Order"].) Plaintiffs were given leave to amend to allege a cognizable claim.

Plaintiffs filed their first Amended Complaint ("FAC") on December 28, 2012. Defendants filed this second Motion to Dismiss on January 15, 2013. (Dkt. No. 24.) Defendants seek to dismiss the FAC on the grounds that Plaintiffs have failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that they have failed to join a party without whom complete relief cannot be granted under Rule 19. The matter was set for hearing on February 26, 2013. Defendants

appeared telephonically by counsel Ronald Arlas. Plaintiff did not appear telephonically or in person.[1]

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss the FAC without leave to amend.[2]

## DISCUSSION

The background allegations in Plaintiffs' complaint, summarized in the Court's prior Order, are largely unchanged in the FAC and will not be repeated here. The differences between the original complaint and the Amended Complaint lie mainly in the additional claims alleged. The FAC alleges claims for: breach of contract; breach of an implied contract; violation of California Civil Code § 2923.5; violation of 15 U.S.C. §1601 (the Truth in Lending Act, or "TILA"); violation of 18 U.S.C. §1962 (the Racketeering Influenced Corrupt Organizations Act or "RICO"); and violation of California Business & Professions Code §17200 et seq. (the Unfair Competition Law or "UCL"), in addition to the previously alleged claims for wrongful foreclosure and slander of title.[3] The Court considers the claims in turn.[4]

### I. SLANDER OF TITLE AND WRONGFUL FORECLOSURE (THIRD AND FOURTH CLAIMS)

Plaintiffs' allegations in support of these two claims, which were previously pleaded in the original complaint, have not changed significantly in the FAC. The main thrust of these claims is

---

[1] The Court notes that Plaintiffs requested, and were granted, permission to appear telephonically. (*See* Dkt. No. 35.)

[2] Defendants also move to dismiss on the grounds that Plaintiffs have failed to join a necessary party, namely the current owner of the property at issue in the litigation. Because the Court dismisses the claims against all Defendants, it does not reach the issue of whether joinder of those unnamed parties is necessary.

[3] Defendants' contend that all the new claims should be dismissed as beyond the scope of the leave to amend granted in the Court's prior Order. However, the Order permitted amendment to state "a cognizable claim" and did not limit Plaintiffs to the theories previously pleaded.

[4] As in the prior motion, Defendants seek judicial notice of documents recorded in connection with Plaintiffs' default on their loan and foreclosure. For the reasons previously stated, the Court takes judicial notice of the documents insofar as they are submitted to establish facts other than the truth of the statements therein.

Plaintiffs' repeated contention that MERS had no right to execute a transfer of the beneficial interest in the deed of trust to Defendant U.S. Bank Trust, nor to execute a substitution of trustee substituting Defendant PDS as the trustee. (FAC ¶¶ 43-46, 48-55.) As the Court previously ruled, those allegations are contradicted by the plain terms of the Deed of Trust itself, and are without legal merit. (Order at 6:1-17.)

The new allegations add that: (1) the persons signing the assignment of deed of trust and the notice of default were "robo-signers" (FAC ¶ 41, 47); the notice of default did not comply with California Civil Code § 2923.5 (FAC ¶ 42); and the substitution of trustee had not been recorded at the time of the execution of the notice of default (FAC ¶ 41).

As to the robo-signer allegations, there does not appear to be anything about "robo-signing" the notice of default or the notice of substitution that makes them invalid or ineffective. Even if true, "robo-signing" does not have any bearing on the validity of the foreclosure process here. *See Orzoff v. Bank of Am., N.A.*, 2:10-CV-2202 JCM GWF, 2011 WL 1539897 *2-3 (D. Nev. Apr. 22, 2011) (holding that plaintiff failed to state a claim that trustee breached its duty by "robosigning" documents related to plaintiff's loan where plaintiff did not dispute that she defaulted on her mortgage or that she received required notices); *Javaheri v. JPMorgan Chase Bank, N.A.*, 2:10-CV-08185-ODW, 2012 WL 3426278 *6 (C.D. Cal. Aug. 13, 2012) (allegations of robo-signing, even if true, were not actionable where borrower suffered no injury arising from the robo-signing itself); *see also* California Civil Code § 2924(c) (recording of trustee's deed upon foreclosure sale is prima facie evidence of compliance with all foreclosure requirements).

Plaintiffs also allege "there is no statement in the NOD recorded November 17, 2009 stating with personal knowledge that someone tried with due diligence to contact the borrower as required under [California Civil Code] Section 2923.5 and Defendants failed to exercise due diligence in attempting to contact Plaintiff as required by Section 2923.5." (FAC ¶ 42.) This allegation is contradicted by the notice of default, which includes as its final paragraph a declaration under Section 2923.5. (*See* Request for Judicial Notice by Defendants ["RJN"] at Exh. 4. ECF Dkt. 24-2 at p 29 of 34.) Plaintiffs' argument that this sort of general declaration is insufficient has been rejected by the California Court of Appeal in *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010)

(declaration need not indicate which category under section 2923.5 applies, nor is it required to be under penalty of perjury).

Finally, the allegation that the substitution of trustee had not been recorded at the time of the notice of default is of no effect, since there is not a requirement that it be recorded prior to that time. *See* Civil Code § 2924(a)(1) (allowing "trustee, mortgagee, or beneficiary, or any of their authorized agents" to record notice of default); *Chen v. PMC Bancorp*, 09CV2704-WQH-BLM, 2010 WL 596421 (S.D. Cal. Feb. 16, 2010) (foreclosure was not invalid on account of new trustee's recording notice of default months prior to recording of substitution of trustee); *Wood v. Aegis Wholesale Corp.*, 1:09-CV-536-AWI-GSA, 2009 WL 1948844 (E.D. Cal. July 6, 2009) (so long as the party filing the notice of default had authority as an agent, it is immaterial that it was recorded before the substitution of trustee was recorded).

## II.   BREACH OF EXPRESS AND IMPLIED CONTRACT (FIRST AND SECOND CLAIMS)

The allegations of the breach of express contract and breach of implied contract claims are essentially identical. In both claims, Plaintiffs allege that two agreements were breached: the terms of the Pooling and Servicing Agreement ("PSA") and the terms of the Deed of Trust. (FAC ¶¶ 21, 32.)

As to the PSA, Plaintiffs allege that "MERS, Wells Fargo, and/or U.S. Bank is in breach of the PSA for the securitized trust and in violation of IRS Code Sec. 860G." (FAC ¶¶ 25, 32.) That PSA was the agreement by which the securitized trust was assigned the beneficial interest in the deed of trust on the property herein, prior to that property being sold in a foreclosure sale. (*See* FAC ¶¶ 25-26.) Plaintiffs allege that "Defendants would either need to disclaim the asset if the Trust wishes to remain a pass-through entity, or pay the 35% corporate/trust tax rate on all of its income." (FAC ¶ 26.) The PSA argument assumes that Plaintiffs would have standing to challenge the propriety of assigning the deed of trust in this case to the US Bank trust under a securitization agreement as having been done too late per IRS regulations. It is apparent from the allegations that Plaintiffs are not parties to that agreement and thus have no standing to complain about violations of the PSA. *Cf. Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063 at *6 (C.D. Cal. July 22, 2011) (plaintiff had no standing to challenge the validity of the securitization of his loan because he was

4

not an investor of the trust). Moreover, the alleged breach seems to affect only the trust's ability to claim a certain tax status, a matter wholly irrelevant to Plaintiffs' claims.

Plaintiff also alleges that the Defendants breached the terms of the deed of trust because they used "robo-signers" to execute the documents they recorded regarding the default and election to sell the property, and because Defendants were not authorized to act on behalf of the true beneficiaries according to their audit of the recorded documents. (FAC ¶¶ 23, 24[1], 24[2], 32, 35.)[5] As stated in the Court's previous Order, the original deed of trust, signed by Elliott, stated that MERS is "acting solely as a nominee for Lender and Lender's successors and assigns. . . [and] is the beneficiary under this Security Instrument," and that MERS had the "right to: exercise any or all . . . interests, including. . . the right to foreclose and sell the Property." (RJN Exh C Deed of Trust at 2, ¶ E.) MERS, as the nominee of the beneficiary, has the authority to foreclose and the authority to assign its beneficial interest to a third party. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270-71 (2011); *Gomes v. Countrywide Home Loans*, 192 Cal.App.4th 1149, 1151 (2011); s*ee also Perry v. Nat'l Default Servicing Corp.*, 10-CV-03167-LHK, 2010 WL 3325623, *4 (N.D. Cal. Aug. 20, 2010) (plaintiffs unlikely to succeed on claim that assignment by MERS was invalid since Deed of Trust stated that MERS had right to act as nominee, including right to assign). The robo-signing allegations, even if true, do not breach any term of the deed of trust and indeed do not appear to have any bearing on the validity of the foreclosure process here. *See Orzoff, supra*; *Javaheri, supra*; *see also* California Civil Code § 2924(c) (recording of trustee's deed upon foreclosure sale is prima facie evidence of compliance with all foreclosure requirements). The allegations of these two claims are insufficient and the motion to dismiss is therefore **GRANTED**.

### III. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5 (FIFTH CLAIM)

Plaintiffs allege an additional claim based on Defendants' alleged failure to comply with the Notice and Contact requirements of Section 2923.5 renders the Notice of Default and all subsequent proceedings based on said Notice, including any subsequent Notice of Trustee's Sale, invalid and void, citing *Mabry,* 185 Cal. App. 4th at 236-37. Again, as stated above, the Notice of Default itself appears on its face to comply with the statute. And, while Plaintiffs argue in opposition that

---

[5] The Court notes that there are two paragraphs numbered "24" in the FAC, appearing at pages 5 and 6 of that document.

Defendants violated this section because the declaration is false, that allegation would not save the claim. As Defendants point out, the court in *Mabry* addressed the situation here – where the property has already been sold at a foreclosure sale – and specifically held that non-compliance with Civil Code § 2923.5 has no effect on the title to the property. *Mabry,* 185 Cal. App. 4th at 214-215. As a result, "[c]ourts in this district have uniformly followed *Mabry* and held that a plaintiff cannot state a claim challenging the foreclosure process where a foreclosure sale has already occurred." *Morrow v Wells Fargo Bank,* 2012 WL 5471133 *5 (N.D. Cal. Nov. 9, 2012) (citing numerous cases). Here, not only has the foreclosure sale occurred, but the property has also been resold to another buyer. Consequently, a claim for relief under section 2923.5 is not viable, and the motion to dismiss is **GRANTED**.

**IV.    VIOLATION OF TILA, 15 U.S.C. § 1601, *ET SEQ.* (SIXTH CLAIM)**

Plaintiffs allege that Defendants, as successors to their original lender, America Brokers Conduit, violated the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). Plaintiffs allege that they failed to provide them with "accurate material disclosures," and did not advise them, in language they could understand, that they should compare their lending options, particularly with respect to adjustable rate mortgages. (FAC ¶ 74). They allege more specifically that Defendants failed to provide disclosures regarding "failure to provide disclosures regarding payment schedules and terms and violations of prohibitions regarding high-rate, high-fee loans." (FAC ¶75.) Plaintiffs allege that the statute of limitations should be tolled due to Defendants' failure to "effectively provide the required disclosures and notices." (FAC ¶ 75.)

Defendants argue that Plaintiffs' TILA claim should be dismissed because they were not the original lenders and, even if they were, the claim is time-barred. TILA requires that a lender make "material disclosures," including "the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule." *Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1143 (N.D. Cal. 2010) citing 12 C.F.R. § 226.23(a)(3). TILA provides for assignee liability if the violation is "apparent on the face of the loan documents." *Ortiz v. Accredited Home Lenders, Inc.,* 639 F.Supp.2d 1159, 1163 (S.D.Cal.2009), citing 15 U.S.C. § 1641(a) (assignee liability lies "only if the violation ... is apparent on the face of the disclosure statement"). Thus, a TILA assignee's liability arises only for "violations that a reasonable person can spot on the face of

the disclosure statement or other assigned documents." *White v. Homefield Financial, Inc.,* 545 F.Supp.2d 1159, 1168 (W.D.Wash.2008), quoting *Taylor v. Quality Hyundai, Inc.,* 150 F.3d 689, 694 (7th Cir.1998); *see also Romero,* 740 F. Supp. 2d at 1141 (same). A claim for damages based on a violation of TILA has a one-year statute of limitations which runs from the origination of the loan. 15 U.S.C. § 1640(e). That statute of limitations may be equitably tolled "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California,* 784 F.2d 910, 915 (9th Cir. Cal. 1986); s*ee also Socop–Gonzalez v. I.N.S.,* 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (equitable tolling is appropriate "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim.")

Here, the allegations of Plaintiffs' complaint allege facts sufficient to state a plausible TILA claim against these Defendants that is not time-barred. Plaintiffs' allegations are vague as to what material information was omitted by their original lender. It is not clear what information Plaintiffs allege was not disclosed, much less why they were not able to determine the existence of their claim. As a result, the FAC does not indicate how any alleged failure to disclose would be "apparent on the face" to these Defendants, who were not involved in the origination of the loan. Indeed, based on what is alleged, it is implausible that the alleged failure to disclose would be "apparent on the face of the disclosure" to Defendants, to support assignee liability, but at the same time would not be discoverable by the Plaintiffs despite due diligence, so as to justify equitable tolling. The motion to dismiss the TILA claim is, therefore, **GRANTED**.

V. **VIOLATION OF RICO, 18 U.S.C. § 1962 ("EIGHTH"[6] CLAIM)**

Plaintiffs add another new claim for violation of 18 U.S.C. § 1962, part of the Racketeer Influenced and Corrupt Organizations Act, or "RICO." Plaintiffs' allegations are that Defendants concealed the securitization of Plaintiff's loan, which had a "materially negative effect on Plaintiff [*sic*]," and was punishable as a crime. (FAC ¶¶ 81, 82.) The FAC goes on to allege that Defendants filed suit on behalf of fraudulent entities, concealed lack of standing in their complaints, and filed fraudulent affidavits and pleadings with the courts in foreclosure cases, and that Defendants utilized

---

[6] The Court notes that the FAC did not contain a claim labeled "Seventh Cause of Action."

7

the U.S. Mail and internet to "defraud everyone, including the Plaintiff." (FAC ¶¶ 82-83; *see also* ¶¶ 101-108.) None of these allegations, apparently related to judicial foreclosure actions, have anything to do with the non-judicial foreclosure proceedings here, under California law. The next paragraphs, in a curious *non sequitur*, allege that Plaintiffs relied on the foregoing [fraudulent filings and pleadings] and would not have entered into their loans if they had known the true facts. (FAC ¶¶ 84-89.)

To state a civil RICO claim under Section 1962(c), a plaintiff must allege: conduct of an enterprise through a pattern of racketeering activity (*i.e.,* "predicate acts") causing injury to plaintiff's business or property. *See Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S. C. §§ 1964(c) and 1962(c)). Defendants argue that Plaintiffs' claims satisfy none of these requirements and appear to be a stream of conclusory accusations against lenders generally. Plaintiffs' opposition to the motion does nothing to disabuse such a notion.[7] Plaintiffs have failed to allege a basis for RICO liability and the motion to dismiss is **GRANTED**.

## VI.   CLAIM FOR VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE § 17200 (NINTH CLAIM)

Plaintiffs' final new claim alleges violation of California Business & Professions Code § 17200 ("UCL"). As Plaintiffs recognize, this is a derivative claim, the success of which depends upon the sufficiency of their other claims. (FAC ¶ 113.) Plaintiffs allege that Defendants engaged in unlawful business practices when "they executed and recorded the false and invalid May 21, 2010 Assignment of Deed of Trust . . . [since] MERS could not have transferred the loan to the trust on behalf of American Brokers Conduit on May 21, 2010, because of the prior securitization in 2007." As the Court's prior Order stated, MERS was authorized to execute the assignment. Because Plaintiffs' pleaded theory fails, and none of the other claims here are viable, the motion to dismiss Plaintiffs' UCL claim is **GRANTED**.

//

//

---

[7] By way of example, in what appears to be a cut-and-paste error, Plaintiffs' opposition speaks of a breach of "the PSA for the Penny Mac securitized trust." (Opposition, Dkt. 28, 23:5-6.) Plaintiffs have consistently pleaded that the PSA was for the "Mastr Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1," an assertion supported by the judicially noticeable documents herein.

**CONCLUSION**

Based upon the foregoing, Plaintiffs have failed to plead facts sufficient to state a claim for relief. Defendants' Motion to Dismiss is **GRANTED WITHOUT LEAVE TO AMEND**. The FAC is **DISMISSED**.

**IT IS SO ORDERED.**

Date: April 30, 2013

_____
**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE**